Appeal No. 26-1236

# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

THEODA E. MILLS
Plaintiff – Appellant,
v.
CITY OF ST. LOUIS, et al.,
Defendants – Appellees.

Appeal from the United States District Court
Eastern District of Missouri, Eastern Division
Hon. Matthew Schlep, United States District Judge

BRIEF OF APPELLEES
City of St. Louis, Sylvia Jackson-Bell, and Victoria Anwuri

MICHAEL GARVIN,
CITY COUNSELOR

By: Curtis D. Wilson #72194(MO)
wilsoncu@stlouis-mo.gov
Associate City Counselor
City Hall, Rm 314
St. Louis, MO 63103
314-622-4167
Fax 314-622-4956

Christine Hodzic #58257(MO)
hodzicc@stlouis-mo.gov
Associate City Counselor
City Hall, Rm 314
St. Louis, MO 63103
314-622-4571
Fax 314-622-4956

# <u>SUMMARY OF THE CASE</u>

Appellant Theoda Mills filed a complaint in the United States District Court, Eastern District Missouri after he was terminated form his employment with Appellees City of St. Louis, Sylvia Jackson-Bell, and Victoria Anwuri (collectively "The City").

The District Court dismissed the Complaint with prejudice as a sanction for misleading the court because Mills appeared to be using erroneous citations based on AI. Additionally, this matter was dismissed for abandonment of claims.

Because the District Court's ruling was correct, Plaintiff does not believe that oral argument is necessary; however, to the extent Defendants are granted oral argument, Plaintiff requests equal time for oral argument.

i

# TABLE OF CONTENTS

SUMMARY OF THE CASE.................................................................................1

TABLE OF CONTENTS.................................................................................2

TABLE OF AUTHORITIES .................................................................................4

STATEMENT OF THE CASE.................................................................................1

SUMMARY OF ARGUMENTS.................................................................................2

ARGUMENT.................................................................................3

I.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN ITS DECISION TO VACATE ITS PRIOR DEFAULT JUDGMENT.  (Response to Point I of Appellant's Brief) .................................................................................3

    Standard Of Review .................................................................................3

Argument .................................................................................4

II.    DISMISSAL WITH PREJUDICE WAS PROPER BECAUSE THE COURT PROVIDED CLEAR NOTICE, THE OPPORTUNITY TO BE HEARD, AND MET THE REQUIREMENTS OF RULE 11. (Response to Points II and III of Appellant's Brief).................................................................................6

    Standard of review.................................................................................6

Argument .................................................................................6

III.   THE DISTRICT COURT DID NOT ERROR IN GRANTING THE CITY'S RULE 12(B)(6) MOTION TO DISMISS AS "UNOPPOSED BECAUSE MILLS ABANDONED HIS OPPORTUNITY TO RESPOND TO DEFENDANTS' MOTION TO DISMISS. (Response to Point IV of Mills' Brief) .................................................................................14

Appellate Case: 26-1236    Page: 3    Date Filed: 05/14/2026 Entry ID: 5639976

Standard of Review ................................................................................14

Argument ...............................................................................................15

IV.     POINT V OF MILLS' BRIEF IS NOT GROUNDED IN LAW.............16

CONCLUSION.........................................................................................16

CERTIFICATION OF COMPLIANCE .......................................................18

CERTIFICATION OF TYPE AND VOLUME LIMITATION ......................18

CERTIFICATE OF SERVICE...................................................................19

iii

Appellate Case: 26-1236     Page: 4     Date Filed: 05/14/2026 Entry ID: 5639976

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, ...................................11

*Assman v. Fleming*, 159 F.2d 332, 336 (8th Cir. 1947). ...............................................3

*Carman* ....................................................................................................................7

*Cf. Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc) .............................11

*Clark,* 460 F.3d at 1008................................................................................6, 7, 13

*Cockram v. Genesco, Inc.,* 680 F.3d 1046 (8th Cir. 2012) .......................................13

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 386, 110 S. Ct. 2447, 2450, 110

    L. Ed. 2d 359 (1990) .......................................................................................5

*DiMercurio v. Malcom*, 716 F.3d 1138, 1142 addresses 12(b)(6)...........................12

*Eggleton v. Plasser & Theurer Export van Bahnbaumaschinen Gesellschaft, MBH*,

    495 F.3d 582, 585-86 .....................................................................................12

*Elizondo v. City of Laredo*, 5:25-cv0050-MGM, 2025 WL 2071072, at \*2 (S.D.

    Tex. July 23, 2025)......................................................................................9, 10

*Farraj v. Cunningham*, 659 F. App'x 925, 927 (9th Cir. 2016) ..............................14

*Ferguson*...............................................................................................................11

*Fuqua Homes, Inc. v. Beattie*, 388 F.3d 618, 623 (8th Cir. 2004)............................6

iv

*Gen. Motors Corp.,*563 ......................................................................................4

*Hoover v. Valley West D M*, 823 F.2d 227, 230 (8th Cir. 1987); ...........................4

in *Zekert v. FieldWorks, LLC*, 4:20cv-0471-RWS (E.D. Mo.)................................11

*Johnson,* 140 F.3d ........................................................................................4, 5

*Jones v. Kankakee Cnty. Sheriff's Dep't*, --- F.4th ----, No. 25-1251, 2026 WL

    157661, at *3 (7th Cir. Jan. 21, 2026)......................................................9

*Marshall v. Boyd*, 658 F.2d 552, 554 (8th Cir. 1981);.................................................3

*Mata v. Avianca, Inc*., 678 F. Supp. 3d 443, 461 ........................................................9

*Prudential Ins. Co. of* ...............................................................................................10

*re Jones Truck Lines*, 63 F.3d 685, 687-88 (8th Cir. 1995)....................................4, 5

*Rodgers v.*....................................................................................................................6

*Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008)....................................3

*Swink v. City of Pagedale*, 810 F.2d 791 (8th Cir. 1987). .....................................4, 5

*Thomas v. Walmart Stores, LLP*, 4:13CV00565 HEA, 2014 WL 117645, at *2

    (E.D. Mo. Jan. 13, 2014). ...............................................................................13, 14

*Turnage v. Associated Bank, N.A.*, 0:25-cv-3004-ECT, ...............................9, 10, 11

*United States v. Harre*, 983 F.2d 128, 130 (8th Cir.1993) .......................................4

*Wadsworth v. Walmart* ..........................................................................................9, 10

**Rules**

v

Appellate Case: 26-1236    Page: 6    Date Filed: 05/14/2026 Entry ID: 5639976

8th Cir. R. 28A(h)(2) .................................................................................. 17

F.R.A.P. 28 ................................................................................................. 17

Rule 11 ............................................................................................... passim

Rule 12(b)(6) .............................................................................................. 14

Rule 55(c) ..................................................................................................... 4

Rule 60(b) ..................................................................................................... 4

Appellate Case: 26-1236    Page: 7    Date Filed: 05/14/2026 Entry ID: 5639976

<u>**STATEMENT OF THE CASE**</u>

Appellees City of St. Louis, Sylvia Jackson-Bell, and Victoria Anwuri (collectively, "the City") were served on October 24, 2025.  R. Doc. 19, at 1. Defense Counsel mistakenly calendared a response under the 30 days required by Missouri rules instead of the 21 days required under the federal rules. R. Doc. 19, at 1. Defense counsel was out on medical leave for a loved one and was made aware that he would have to be away from work for a longer time than expected and was preparing to ask the District Court for an extension. R. Doc. 19, at 1. At that point, it was discovered that the deadline had been calendared in error and that a default judgment had been entered, and counsel requested that the judgment be set aside and that the City be allowed to respond. R. Doc. 19, at 1. A motion to dismiss the original claim was filed.  R. Doc. 23, at 1-3.

Mills took exception to this request and filed a motion in opposition with nonexistent cases, nonexistent president, and nonexistent quotes.  R. Doc. 20, at 2-4.  One example being that a false quote which stated "Carelessness, neglect, miscalendaring, office error, or personnel issues do not constitute good cause." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784-85 (8th Cir. 1998)." R. Doc. 20, at 4.  The District Court set aside its prior default and ordered Mills to respond

1

Appellate Case: 26-1236    Page: 8    Date Filed: 05/14/2026 Entry ID: 5639976

to the motion to dismiss and to explain to the District Court why making false claims was not a sanctionable offense. R. Doc. 25, at 1 and Doc 26, at 2-3.

Mills did not respond; rather, he filed a Motion to Expedite Ruling and Motion for Tax Gross-Up. R. Doc. 28, at 1-5 and R. Doc 29, at 1-5. In response, the court issued another order to show cause why he should not be sanctioned for including nonexistent case law and quotations in the Motion to Expedite Ruling and Motion for Tax Gross-Up. R. Doc. 31, at 1-2.

Mills only addressed the sanction question and never responded to the City's motion to dismiss. R. Doc 35, at 2. Consequently, the District Court dismissed this case with prejudice as a sanction for misleading the court, bearing "the hallmarks of artificial intelligence hallucinations." R. Doc 37, at 2 and R. Doc 38, at 1 and. Additionally, this matter was dismissed for abandonment of claims. R. Doc. 37, at 7-8.

## SUMMARY OF ARGUMENTS

The District Court did not abuse its discretion when it set aside its prior default judgment for a marginal error, when it dismissed Mills' claim with prejudice as a sanction, or when it treated his claim as abandoned.

2

There is strong caselaw within this circuit that disfavors dismissing matters due to marginal errors, such as the one described above, when cases can be litigated on the merits. Mills had to wait a little over three weeks for an answer to get on file at the early stages of this litigation and was not prejudiced by such delay.

Sanctions under Rule 11 are warranted due to Mills' multiple false representations of the law to the court, which appear to continue in his brief. The submission of false cases, which could have the impact of deceiving either opposing counsel or the bench is sanctionable under Rule 11(b), and Appellant used false cases repeatedly. Finally, Mills abandoned his claims by refusing to address any argument made in Mills' motion to dismiss.

## ARGUMENT

**I. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN ITS DECISION TO VACATE ITS PRIOR DEFAULT JUDGMENT. (Response to Point I of Appellant's Brief)**

### Standard Of Review

This Circuit reviews the decision to set aside the entry of default for abuse of discretion. *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008).

3

## **Argument**

The District Court's decision to vacate its prior default judgment and allow this case to be litigated on the merits is aligned with over half a century of 8th Circuit precedent. *Marshall v. Boyd*, 658 F.2d 552, 554 (8th Cir. 1981); *Assman v. Fleming*, 159 F.2d 332, 336 (8th Cir. 1947). To assert the contrary, Plaintiff must show an abuse of discretion, which occurs when the district court fails to consider an important factor, gives significant weight to an irrelevant or improper factor, or commits a clear error of judgment in weighing the factors. *Gen. Motors Corp.,*563 F.3d 312 at 316. This is not plausible due to the District Court's decision being in line with 8th Circuit precedent.

This Circuit has found that relief from default judgment under Rule 55(c) and Rule 60(b) may be granted for marginal failures when there were meritorious defenses and an absence of prejudice. *Johnson,* 140 F.3d at 785 citing *In re Jones Truck Lines*, 63 F.3d 685, 687-88 (8th Cir. 1995) (thirty-two day delay caused by a mistake; default judgment reversed); *United States v. Harre*, 983 F.2d 128, 130 (8th Cir.1993) (marginal failure to meet a deadline; default judgment reversed); *Hoover v. Valley West D M*, 823 F.2d 227, 230 (8th Cir. 1987); *Swink v. City of Pagedale*, 810 F.2d 791 (8th Cir. 1987). The court in *Johnson,* based on these precedents, reversed a ruling of default judgment under Rule 55(c). *Johnson* at 783.

4

In *Harre,* this Circuit determined that a default judgment for a failure to comply with time requirements is a default for a marginal failure. *U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). This Court has concluded that default judgments are not favored by the law and that, under Fed.R.Civ.P. 55(c), a judgment of default may be set aside for the reasons listed in Rule 60(b) (e.g., mistake, inadvertence, excusable neglect). *Id*. This Court has acknowledged. that failure to answer within the time frame established by the federal rules falls within the "mistake" category. *Johnson* at 784; *In re Jones Truck Lines, Inc*. at 688.

In this matter, the City sought that the default judgment be set aside, and leave would be granted to answer on November 28, 2025. This request would be a 15-day delay from the answer deadline, less than half of the 32-day delay in *Jones Truck Lines*. Additionally, as stated in *Johnson* and *Swink*, the City is allowed to defend against the allegations in complaints with standard defenses similar to those found in the Complaint, a standard employment discrimination case, which the District Court determined was the case here.

5

Appellate Case: 26-1236     Page: 12     Date Filed: 05/14/2026 Entry ID: 5639976

**II. DISMISSAL WITH PREJUDICE WAS PROPER BECAUSE THE COURT PROVIDED CLEAR NOTICE, THE OPPORTUNITY TO BE HEARD, AND MET THE REQUIREMENTS OF RULE 11.**

**(Response to Points II and III of Appellant's Brief)**

**<u>Standard of review</u>**

Similar to default judgments, this Circuit, along with the Supreme Court, strongly supports applying a unitary abuse-of-discretion standard to all aspects of a Rule 11 proceeding. *Clark,* 460 F.3d at 1008 ; *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 386, 110 S. Ct. 2447, 2450, 110 L. Ed. 2d 359 (1990). When the sanction results in a dismissal, this Circuit weighs the egregious conduct which provoked the order of dismissal, and to a lesser extent, the impact upon both the defendant and the administration of justice in the district court. *Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998).

**<u>Argument</u>**

Mills' protest to being dismissed by a Rule 11 sanction is twofold: he believes he was dismissed without opportunity to be heard and that the District Court did not apply the "governing requirements". Despite these grievances, the District Court properly applied sanctions under Rule 11. The District Court was

6

Appellate Case: 26-1236    Page: 13    Date Filed: 05/14/2026 Entry ID: 5639976

required to do two things: explain the actions that might be sanctionable; and, if carrying out sanctions, explain to Mills why sanctions are being issued.

Rule 11 provides a specific procedure to be followed when sanctions are considered. A district court may impose Rule 11 sanctions on its own initiative, but it must first enter an order describing the specific conduct that appears to violate Rule 11(b), and direct the attorney [or pro se litigant] to show cause why he has not violated the rule. Fed.R.Civ.P. 11(c)(1)(B); see also *Fuqua Homes, Inc. v. Beattie*, 388 F.3d 618, 623 (8th Cir. 2004). Then, when imposing sanctions, the court is required to describe the conduct determined to constitute a violation of Rule 11, and explain the basis for the sanction chosen. Fed.R.Civ.P. 11(c)(3). *Clark,* 460 F.3d at 1008.

Even in matters where the Appellate Court might have chosen a different sanction that does not mean that the District Court abused its discretion. *Carman v. Treat*, 7 F.3d 1379, 1382 (8th Cir. 1993).

In *Clark*, this Circuit determined that adequate notice of sanctions is given when a show cause order clearly lays out the errors "in accordance with Rule 11 (c)(1)(B)". *Clark*, 460 F.3d at 1008. This also applies when other motions and orders are incorporated by reference. *Id.* In *Clark*, the District Court ordered monetary sanctions under Rule 11 for misrepresentations and misstatements. *Id*. at

7

Appellate Case: 26-1236     Page: 14     Date Filed: 05/14/2026 Entry ID: 5639976

1007. The appellant in that matter asserted that sanctions were improper because he was not made aware of every misrepresentation. *Id.* at 1010. This Circuit declared that the district court's show cause order informing the appellant of the presented falsehoods was enough to meet the adequate notice standard of Rule 11. *Id.* at 1008. The District Court provided both the notice and explanation required by Rule 11.

Here, on December 3, 2025, the District Court issued a show cause order directed to Mills. This show cause order addressed Mills, citing fictitious cases and fictitious quotes. "Multiple times, Plaintiff cites to nonexistent cases or purports to provide quotations from real cases that contain no such statement. These errors bear the hallmarks of artificial intelligence hallucinations." R. Doc. 26, at 1. The District Court gives specific examples, such as Mills directing the District Court to a nonexistent case "*Harrision v. Union Pacific R.R. Co.*", case number "8:13-cv-316," and Westlaw citation, "2014 WL 12665830." R. Doc. 26, at 1; R. Doc. 20, at 2. That case number in the District of Nebraska belongs to *Jarrett v. United States*, and that Westlaw citation belongs to *State of Wisconsin v. Lanier*, out of the Court of Appeals of Wisconsin. Neither involved setting aside default judgments. Appellant presented to the District Court that *Johnson v. Dayton Electric*

8

*Manufacturing Co.* stated "[c]arelessness, neglect, miscalendaring, office error, or personnel issues do not constitute good cause." R. Doc. 20, at 4. This quote cannot be found in *Johnson v. Dayton,* and both the District Court and counsel for the City were unable to find the quote anywhere.  R. Doc. 26, at 2.

By signing his Memorandum and presenting it to the District Court, Mills "certifie[d] that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that he was not presenting it "for any improper purpose" and that the "legal contentions" he made within the Memorandum were "warranted by existing law." Fed. R. Civ. P. 11(b). Providing the Court with fake cases and forged quotations cannot be squared with Rule 11(b). As other courts have recognized, "[e]very filing in a federal court that contains citations to phony case law amounts to a violation of Rule 11(b) of the Federal Rules of Civil Procedure." *Turnage v. Associated Bank, N.A.*, 0:25-cv-3004-ECT, 2025 WL 3052638, at *3 (D. Minn. Sept. 12, 2025); *accord Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 495 (D. Wyo. 2025); *Elizondo v. City of Laredo*, 5:25-cv0050-MGM, 2025 WL 2071072, at *2 (S.D. Tex. July 23, 2025).

The District Court ordered Mills to explain how making false statements to the Court was not sanctionable and to opine on what sanction would be

9

Appellate Case: 26-1236     Page: 16     Date Filed: 05/14/2026 Entry ID: 5639976

appropriate if it was concluded that he did violate Rule 11(b). Appellant was put on notice that courts have broad discretion in the choice of sanctions. Order to Show Cause page 3. The due date for the show cause was December 16, 2025.

In his response, Mills refused to directly state if he used artificial intelligence. Instead, Mills merely asserted that he utilized "electronic drafting tools that paraphrase legal principles" which he "mistakenly believed" their accuracy. R. Doc. 31, at 2. "All litigants—represented and unrepresented—must read their filings and take reasonable care to avoid misrepresentations, factual and legal." *Jones v. Kankakee Cnty. Sheriff's Dep't*, --- F.4th ----, No. 25-1251, 2026 WL 157661, at *3 (7th Cir. Jan. 21, 2026).

The District Court focused on the fact that Mills made multiple filings that contained fictitious and misleading information.  Mills' dishonest "attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *See Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461

(S.D.N.Y. 2023). "Every filing in a federal court that contains citations to phony case law amounts to a violation of Rule 11(b) of the Federal Rules of Civil Procedure." *Turnage,* 2025 WL 3052638, at *3, aff'd summarily, 25-3092 (8th Cir.

10

Nov. 25, 2025); accord *Wadsworth,* 348 F.R.D. at 495; *Elizondo*, 2025 WL 2071072, at *2.Therefore, Mills violated Rule 11(b) each and every time he cited to a false case. In order to address Mills' erroneous belief that the District Court did not properly apply Rule 11, one needs to do nothing more than read Memorandum and Order Sanctioning Mills and Dismissing his Complaint.

The District Court focused on three key considerations in choosing to dismiss Mills' claim with prejudice: numerous misstatements in multiple filings; a continued pattern of activity once Mills was made aware that the District Court discovered his false representations; and that Mills, who is educated to a doctoral level, should have known better.

Mills' numerous falsehoods in multiple filings show "a pattern of activity," not an "isolated event." *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. It is intuitive that a pattern of wrongdoing will, at least at times, "require stiffer sanctions than an isolated incident." *See In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 169 F.R.D. 598, 615 (D.N.J. 1997).

Once the District Court, through its first show cause order, made Mills aware of his falsehoods, Mills continued to do so in later filings. R. Doc. 28, at 2

11

Appellate Case: 26-1236    Page: 18    Date Filed: 05/14/2026 Entry ID: 5639976

and 29 at 2.[1] Also, in his Motion to Appoint Counsel, Mills stated that the District Court appointed counsel to a pro se plaintiff in *Zekert v. FieldWorks, LLC*, 4:20cv-0471-RWS (E.D. Mo.), which never occurred. R. Doc. 32, at 3. In providing false law to the District Court, after already being put on notice that doing so was improper, Mills showed disregard that goes beyond mere negligence. *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (noting courts may consider "[w]hether the improper conduct was willful, or negligent" when fashioning a sanction).

Mills is a well-educated individual who has earned a doctorate degree in his field. *Cf. Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc) (noting courts consider a plaintiff's literacy, communication skills, and educational level when determining his competence to litigate his own case). To be sure, Mills heavily leans into his self-represented status to excuse his misdeeds. But "[t]here is no *pro se* exception to Rule 11(b)." *Turnage*, 2025 WL 3052638, at *3; *accord Ferguson v. Comm'r of Tax & Fin.*, 739 F. App'x 19, 22 (2d Cir. 2018). Not only has the

---

[1] Labeled Paragraph 4 and the "Legal Standard Section" of each document respectively.

Appellate Case: 26-1236    Page: 19    Date Filed: 05/14/2026 Entry ID: 5639976

U.S. Court of Appeals for the Eighth Circuit explained time and again that *pro se* representation "does not excuse a party from complying . . . with the Federal Rules of Civil Procedure," *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996), Rule 11's plain terms apply to an "unrepresented party," Fed. R. Civ. P. 11(b).

The City requests that this honorable Court take note of Mills' ongoing deceptive tactics. On page 18 of his Opening Brief of Plaintiff-Appellant, Mills presents to this Court that *Eggleton v. Plasser & Theurer Export van Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 585-86 to reference sanction standards; however, *Eggleton* addressed questions regarding choice of law and makes no mention of sanctions. On page 21 of his brief, Mills presents that *DiMercurio v. Malcom*, 716 F.3d 1138, 1142 addresses 12(b)(6) dismissal; however, *DiMercurio* addresses dismissals for failure to prosecute and makes no mention of 12(b)(6). On page 13 of his brief Mills presents that *Carman v. Treat*, 7 F.3d 1379, 1382, addresses due process when it does not.  On page 13 of his brief Mills presents that *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, addresses rule 11 sanctions when it does not. Mills presents that 147 F.3d 911 directs to *United States v. $345,510.00 in U.S. Currency* on page 27 of his brief when it directs to *U.S. ex rel. Barajas v. Northrop Corp*. Finally, on page 27 of his

13

Appellate Case: 26-1236     Page: 20     Date Filed: 05/14/2026 Entry ID: 5639976

brief Mills states that *Jetton v. McDonnell Douglas Corp* addresses 12(b)(6) when it does not.[2]

The District Court gave Mills notice of the possibility of sanctions and thirteen days to show cause why sanctions would be inappropriate. In its order of sanctions, the district court explained the basis of the sanction. Both of these actions meet the standard set by *Clark*.

**III. THE DISTRICT COURT DID NOT ERROR IN GRANTING THE CITY'S RULE 12(B)(6) MOTION TO DISMISS AS "UNOPPOSED BECAUSE MILLS ABANDONED HIS OPPORTUNITY TO RESPOND TO DEFENDANTS' MOTION TO DISMISS. (Response to Point IV of Mills' Brief)**

**Standard of Review**

A district court's grant of a motion to dismiss is reviewed de novo. *Cockram v. Genesco, Inc.,* 680 F.3d 1046 (8th Cir. 2012). When a complainant fails to address the arguments within a motion to dismiss, "[t]he Court construes such

---

[2] This was discovered by Appellees going to each case referenced in this paragraph and doing a control F search for the rules Appellant referenced

14

failure as an abandonment of Plaintiff's claims." *Thomas v. Walmart Stores, LLP*, 4:13CV00565 HEA, 2014 WL 117645, at *2 (E.D. Mo. Jan. 13, 2014).

<u>**Argument**</u>

The District Court gave the Mills two reminders that his reply to the City's motion to dismiss was to be submitted on December 16, 2025. R. Doc. 25, at 1 and 33 at 3.  Mills never replied. The District Court construed Mills' lack of response as abandonment of his claim and granted the City's Rule 12(b)(6) motion to dismiss on that basis.  R. Doc. 37, at 7-8.

In his brief, Mills cites several cases for his assertion that "[a] district court may not grant a Rule 12(b)(6) motion solely because it is unopposed; it must independently determine whether the claim states a plausible claim for relief as a matter of law."  The cases cited do not support Mills' assertion.

Mills makes the claim that the District Court should have gone through a complete analysis of his claim and the motion to dismiss in its order. Whether this is Mills' original idea, the idea of an electronic drafting tool, or AI hallucinations, it is not supported by the cases Mills cites;  the District Court need not do extra work because he failed to respond to a dispositive motion.

15

When a plaintiff fails to address a motion to dismiss, such a failure is the same as an abandonment of claims. *Thomas,* 2014 WL 117645, at \*2 (collecting cases and dismissing the action as to the relevant defendants). *See also Farraj v. Cunningham*, 659 F. App'x 925, 927 (9th Cir. 2016) (mem.) (affirming the district court's dismissal of plaintiff's complaint "based on his failure to oppose the motions to dismiss").

Mills cannot expect the district court to advocate on his behalf.

## IV.  POINT V OF MILLS' BRIEF IS NOT GROUNDED IN LAW.

Mills seems to suggest the federal rules of civil procedure must be followed sequentially and that the cumulative impact of the district court's errors warrant vacatur because the error is structural.  The cases cited by Mills in support of Point V do not stand for the premise alleged by Mills or otherwise support his argument in any way whatsoever.

## <u>CONCLUSION</u>

Appellees City of St. Louis, Sylvia Jackson-Bell, and Victoria Anwuri respectfully urge this Court to affirm the judgment of the District Court.

16

Respectfully submitted,
MICHAEL GARVIN
CITY COUNSELOR

/s/Curtis D. Wilson #72194(MO)
wilsoncu@stlouis-mo.gov
Associate     City Counselor
City Hall, Rm 314
St. Louis, MO 63103
314-622-4167
Fax 314-622-4956

/s/Christine Hodzic #58257(MO)
hodzicc@stlouis-mo.gov
Associate City Counselor
City Hall, Rm 314
St. Louis, MO 63103
314-622-4571
Fax 314-622-4956

ATTORNEYS FOR APPELLEES

17

# CERTIFICATION OF COMPLIANCE

# CERTIFICATION OF TYPE AND VOLUME LIMITATION

I hereby certify that the text of the foregoing reply contains 3377 words of proportionally spaced text, excluding the cover page, table of authorities, table of contents, and certificates, as determined by the automated word count of the Microsoft Word 2010-word processing system, and has 14-point print size, and otherwise conforms to the Court's rules. The undersigned certifies that, as required by 8th Cir. R. 28A(h)(2), this brief has been scanned for viruses and is virus-free. Ten (10) paper copies and one digital of this brief will find upon acceptance by the Court.

*/s/ Curtis D. Wilson*
Assistant City Counselor

18

Appellate Case: 26-1236    Page: 25    Date Filed: 05/14/2026 Entry ID: 5639976

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that on this ___ day of May, 2026, the foregoing brief was filed and served as required by F.R.A.P. 28 and the local rules of the Eighth Circuit, by means of the Court's electronic filing system. Furthermore, I hereby certify that on this __ day of May, 2026, a true and accurate copy of Appellee's Response Brief was served upon the Appellant, Theoda E. Mills, via United States Postal Service Certified Mail, Return Receipt Requested, Restricted Delivery, to the following address: 8638 Oriole Ave, St. Louis, Mo 63147.

 */s/Curtis D. Wilson*

Assistant City Counselor

19

Appellate Case: 26-1236    Page: 26    Date Filed: 05/14/2026 Entry ID: 5639976